IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Case No. 25-CR-30043-SPM |
| **INGYU PARK,** | |
| **Defendant.** | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Upon consideration of the United States of America's Consent Motion for Protective Order Governing Discovery (Doc. 111), for which the Defendant has no objections, the Court **FINDS**:

1. The discovery materials to be provided by the Government to the Defense are voluminous.

2. The discovery materials contain a substantial amount of Personal Identifying Information ("PII").

3. Because of the volume of the discovery materials to be produced, it is not practicable for the Government to redact all PII before disclosing these materials to the defense. Such a time-consuming process would delay the production of the discovery materials to the Defense and potentially delay the trial in this case.

4. In addition, the Government wishes to provide disclosure of "Jencks" material to the Defense prior to the deadline established by 18 U.S.C. § 3500. Because

of the nature of the charges in this case, however, the United States requests that Defendant's attorney not be permitted to provide copies of these materials to their clients.

Good cause having been established, the Court **ORDERS**:

1. Pursuant to 5 U.S.C. § 552a(b)(11), the Government may disclose discovery materials, containing PII, to Defendant's attorney.[1]

2. For good cause shown under Federal Rule of Criminal Procedure 16(d)(1), the Court places the following restrictions on the use and dissemination of materials containing PII: (1) Defendant's attorney is prohibited from publicly disclosing any materials containing PII; (2) Defendant's attorney is prohibited from providing copies of any materials containing PII to Defendant; and (3) Defendant's attorney is prohibited from providing reports of witness interviews or documents identifying victims to Defendant. *See* FED. R. CRIM. P. 16(d) ("At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."). This Order Governing Discovery does not prohibit Defendant's attorney from reviewing materials containing PII, reports of witness interviews, or grand jury materials with Defendant so long as copies of the materials are not provided to Defendant.

**IT IS SO ORDERED.**

---

[1] Section 552a(b)(11) provides:

"No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be. . . pursuant to the order of a court of competent jurisdiction."

**DATED:** April 21, 2025

                                                  **s/ *Stephen P. McGlynn***
                                                  **STEPHEN P. McGLYNN**
                                                  **U.S. District Judge**